## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 05 2016, 7:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tony R. Brockway, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 5, 2016 <br><br> Court of Appeals Case No. <br> 02A04-1512-CR-2244 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D05-1504-F6-302 |

**Baker, Judge.**

[1] Tony Brockway appeals the sentence he received for Level 6 Felony Possession of a Synthetic Drug.[1] He asks us to revise his sentence. Finding his sentence not inappropriate, we affirm.

## Facts

[2] On April 6, 2015, a Fort Wayne police officer recognized Brockway, and knew that he had an active warrant for a probation violation. The officer arrested him, and, in a search incident to that arrest, found a baggie containing 3.5 grams of "Spice," a synthetic drug. Brockway had a previous conviction for possession of a synthetic drug in October 2014.

[3] On April 10, 2015, the State charged Brockway with possession of a synthetic drug, which becomes a Level 6 felony if the defendant has a prior conviction for the same offense. I.C. § 35-48-4-11.5(c). On April 27, 2015, Brockway was accepted into the drug court program, after the trial court preliminarily entered a guilty plea.

[4] Brockway began residing at the Freedom House on May 25, 2015, but was unsuccessfully discharged one month later because he continued to do drugs and failed to return to the facility. Brockway was then taken to the Potter's House rehabilitation facility on July 30, 2015, but left that facility and failed to return by September 26, 2015. Brockway also failed to show up to a

---

[1] Ind. Code § 35-48-4-11.5.

compliance hearing on September 28, 2015. As a result, the trial court issued a bench warrant for his arrest, revoked his drug court agreement, and scheduled the case for the entry of a conviction and sentencing.

[5] The pre-sentence investigation report (PSI) used by the trial court detailed an extensive criminal history, including significant involvement with illegal drugs. At a November 17, 2015, sentencing hearing, the trial court found this history to be an aggravating circumstance, but found Brockway's guilty plea and acceptance of responsibility to be mitigating circumstances. The trial court sentenced Brockway to two years imprisonment. Brockway now appeals.

## Discussion and Decision

[6] Brockway has one argument on appeal, namely, that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The principal role of such review is to attempt to leaven the outliers, but not to achieve a perceived "correct" sentence. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference. *Id.* at 1222. The defendant bears the burden of showing us that his sentence is inappropriate. *Kennedy v. State*, 934 N.E.2d 779, 788 (Ind. Ct. App. 2010).

[7] We initially note that Brockway pleaded guilty to a Level 6 felony, which carries a sentence between six months and two and one-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7. Thus, Brockway's sentence is above the advisory sentence, but below the maximum sentence.

[8] Turning to the nature of Brockway's offense, Brockway was found in possession of 3.5 grams of a synthetic drug while he was on probation for a prior dealing offense. The record does not reveal anything else about the circumstances of this possession of illegal drugs, and so Brockway has not carried his burden of showing that the nature of his offense renders his two-year sentence inappropriate.

[9] Turning to Brockway's character, we find a young man experiencing many difficulties with drugs and criminality. At twenty-four years of age, Brockway has four juvenile delinquency adjudications, three adult misdemeanor convictions, and two felony convictions. Among these are convictions for possessing synthetic drugs, possessing cocaine, and dealing in synthetic drugs. The PSI report also shows his involvement with alcohol, marijuana, heroin, opiates, and Xanax. Moreover, Brockway has been given chances to reform: the trial court initially admitted him into the drug court program, where he had the opportunity to receive services from two rehabilitation facilities. He failed to attend both services to their completion. While in the program, he amassed five positive drug screens, two missed drug screens, and two diluted drug screens. Like the trial court, we acknowledge Brockway's guilty plea and

acceptance of responsibility, but these are outweighed by his history of misdeeds. We are not persuaded to revise his sentence.

[10] In short, neither the nature of Brockway's offense, nor his character, satisfy the burden of showing that his sentence is an outlier. His sentence is not inappropriate.

[11] The judgment of the trial court is affirmed.

Vaidik, C.J., and Najam, J., concur.